IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DARNELL RAY PALMER,

    Plaintiff,

v.                         CIVIL ACTION NO. 1:19-00112

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United
States Magistrate Judge Dwane L. Tinsley for submission of
findings and recommendation regarding disposition pursuant to 28
U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the
court his Findings and Recommendation ("PF&R") on November 19,
2019, in which he recommended that the court deny plaintiff's
motion for summary judgment, grant defendant's request to affirm
his decision, affirm the final decision of the Commissioner,
dismiss this action, and remove the matter from the court's
docket.

In accordance with the provisions of 28 U.S.C. § 636(b),
plaintiff was allotted fourteen days and three mailing days in
which to file any objections to Magistrate Judge Tinsley's
Findings and Recommendation. The failure of any party to file
such objections within the time allowed constitutes a waiver of

such party's right to a <u>de novo</u> review by this court.  <u>Snyder v.
Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

On December 3, 2019, plaintiff filed objections to the
PF&R.  (ECF No. 17).  Defendant responded to plaintiff's
objections on December 4, 2019.  (ECF No. 18).  With respect to
plaintiff's objections, the court has conducted a <u>de novo</u> review.

Plaintiff's first objection goes to the PF&R's conclusion
that the Administrative Law Judge's ("ALJ") determination of his
last insured date was supported by substantial evidence.
According to plaintiff, "the ALJ's conclusion ignored significant
testimony from plaintiff".  ECF No. 17 at 1.

The ALJ's determination that plaintiff's reported self-
employment income after 1999 should be excluded was supported by
substantial evidence.  As the PF&R noted, that decision "was
based on Claimant's own statements that although he reported the
income on his taxes, he did not actually do the work to earn that
income."  PF&R at 17.  The PF&R contains a detailed recitation of
the evidence in the record that supports this finding and that
evidence is also discussed in the ALJ's decision.  <u>See</u> Transcript
at 11-13.  To the extent that plaintiff's quarrels with the ALJ's
resolution of conflicts in the evidence, such an objection is
without merit.  "[I]t is not within the province of a reviewing
court to determine the weight of the evidence, nor is it the
court's function to substitute its judgment for that of the

Secretary if his decision is supported by substantial evidence. .
. . . Ultimately, it is the duty of the administrative law judge
reviewing a case, and not the responsibility of the courts, to
make findings of fact and to resolve conflicts in the evidence."
Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).
Plaintiff's objection is **OVERRULED**.

Plaintiff also objects to the PF&R's conclusion that the
ALJ substantially complied with the Appeals Council's Order.  For
the reasons outlined in the PF&R, see ECF No. 16 at 17-19, the
court agrees with Magistrate Judge Tinsley that the ALJ complied
with the Appeals Council's order.  Plaintiff's objection is
**OVERRULED**.

Plaintiff's final objection is that the ALJ failed in his
duty to develop the record.  As discussed in great detail in the
PF&R, the ALJ satisfied his duties in this regard.  An ALJ need
only collect enough information to fairly evaluate a claimant's
application for benefits; he or she is not required to act as a
claimant's counsel.  See Craft v. Apfel, 164 F.3d 624, 1998 WL
702296, *3 (4th Cir. 1998) ("While the ALJ must make a reasonable
inquiry into a claim of disability, he has no duty to `go to
inordinate lengths to develop a claimant's case.'") (quoting
Thomas v. Califano, 556 F.2d 616, 618 (1st Cir. 1977)); Bell v.
Chater, 57 F.3d 1065, 1995 WL 347142, *4 (4th Cir. 1995) (per
curiam) ("Although the ALJ has a duty to explore all relevant

facts and inquire into the issues necessary for adequate development of the record, he is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record.") (internal citations and quotations omitted). A review of the transcript from the second hearing shows that the ALJ went to great lengths to explain to plaintiff the relevant issues and try to generate information to address those issues. For these and other reasons discussed in the PF&R, plaintiff's objection that the ALJ failed to develop the record is **OVERRULED**.

Based upon the foregoing, the court adopts the Findings and Recommendations of Magistrate Judge Tinsley as follows:

1. Plaintiff's motion for summary judgment is **DENIED;**

2. Defendant's request to affirm his decision is **GRANTED;**

3. The final decision of the Commissioner is **AFFIRMED;**

4. The case is **DISMISSED;** and

5. The Clerk is directed to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 5th of March, 2020.

ENTER:

David A. Faber
Senior United States District Judge